UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN MCDONALD,

    Petitioner,

v.              Case No. 3:13-cv-168-J-37MCR

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This cause is before the Court on the following:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), filed February 14, 2013;[1] and

2. United States' Motion to File Response One Day Out of Time and Response in Opposition to Defendant's *Pro Se* Motion Pursuant to 28 U.S.C. § 2255 (Doc. 6), filed June 18, 2013;[2] and

3. Petitioner's Motion for Extension of Time (Cr. Doc. 30), filed July 11, 2013.[3]

---

[1] The Petitioner's criminal sentence was imposed by the undersigned in Case No. 3:11-cr-274-J-37MCR. "Cr. Doc." refers to the criminal docket, while "Doc." refers to the docket in this action.

[2] The Court accepts the Government's late response because there is no showing of prejudice to Petitioner and because Petitioner did oppose the Government's motion.

[3] The Court construes this pleading as a motion for leave to file a reply to the Government's response. Local Rule 3.01(c) prohibits the filing of replies. While parties may ask for leave to file a reply, they must show good cause. Petitioner has not shown good cause for filing a reply in this case and, after reviewing both this action and Petitioner's criminal action, the Court discerns no reason to grant leave.

**BACKGROUND**

On November 3, 2011, Petitioner pled guilty to one count of conspiracy to distribute cocaine in the amount of five kilograms or more. (Cr. Doc. 12.) On February 28, 2012, Petitioner was sentenced to 168 months of imprisonment. (Cr. Doc. 23.)

On February 14, 2013, Petitioner filed a habeas petition under 28 U.S.C. § 2255. (Doc. 1.) Petitioner argues that he had ineffective assistance of counsel, resulting in a higher than warranted sentence, based on three grounds: (1) that counsel did not ask about his lack of representation in a 1998 conviction and argue accordingly that this conviction should not count against him (*id.* at 14–15); (2) that counsel did not argue for mitigation based on Petitioner's minimal or minor role in the conspiracy (*id.* at 15–16); and (3) that counsel did not recognize that Petitioner's two prior convictions should be counted as one in tabulating his criminal history score (*id.* at 16–17).

The Government argues in opposition that (1) Petitioner waived his right to counsel in the 1998 case by signing beneath a statement to that effect on the judgment (Doc. 6, p. 8); (2) counsel presented as mitigating factors Petitioner's self-surrender and his inability to receive a substantial assistance reduction, due to his "limited" role (*id.* at 8–9); and (3) the U.S. Sentencing Guidelines require that these prior convictions be treated separately for the purposes of calculating the sentence (*id.* at 9–10).

**STANDARDS**

A court "shall . . . grant a prompt hearing" on a prisoner's motion to vacate a sentence, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989).

To determine whether a petitioner is entitled to relief from the ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's performance was objectively unreasonable; and (2) the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). A petitioner must "rebut the strong presumption of effectiveness" of counsel by refuting the possibility that "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)) (internal quotation marks omitted). Proof of prejudice requires a showing of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## DISCUSSION

The only argument that warrants discussion is Petitioner's claim to a minimal or minor role adjustment.[4] (*See* Doc. 1, p. 15–16.) A criminal defendant may be credited with a minimal or minor role adjustment according to the following guidelines:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Guidelines Manual § 3B1.2 (2011). A minimal participant is "plainly among the least culpable of those involved in the conduct of a group." *Id.* § 3B1.2

---

[4] Petitioner's other claims are without merit. Petitioner waived his right to counsel in the 1998 case. (Doc. 6-1.) His two prior sentences count separately in criminal history scoring because they "were imposed for offenses that were separated by an intervening arrest." U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2011); (*see also* Presentence Investigation Report).

3

cmt. n.4. Indicators of a minimal role include "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." *Id.* A minor participant "is less culpable than most other participants, but [the participant's] role could not be described as minimal." *Id.* § 3B1.2 cmt. n.5.

To apply these guidelines, the Court "must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." *United States v. Keen*, 676 F.3d 981, 997 (11th Cir.) (quoting *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc)) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 573 (2012). The Court "may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id.* (quoting *Rodriguez De Varon*, 175 F.3d at 934) (internal quotation marks omitted). Yet, relatively less culpability is not equivalent to a minor role. *See Rodriguez De Varon*, 175 F.3d at 941. There may be "conspiracies . . . in which there are no minor participants" because each conspirator played a significant role. *United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir. 1991). Although the Court need not "make any specific subsidiary factual findings" to support its minor role determination, factors to consider in a drug courier case include the amount of drugs transported and their fair market value. *Rodriguez De Varon*, 175 F.3d at 939, 945.

Petitioner transported sixteen kilograms of cocaine from Texas to Florida on each of three trips. (Cr. Doc. 12, p. 18.) The drug transactions in this case indicate that the street value of forty-eight kilograms of cocaine is at least $1.44 million. (*See id.* at 17–18.) The quantity and market value of these drugs are significant on their own terms as well as relative to the total amount of drugs transported during the conspiracy. (*See id.*; Presentence Investigation Report.)

4

Under the *Strickland* test, 466 U.S. at 688, counsel was objectively reasonable not to argue that Petitioner's role was minimal or minor. Petitioner does not qualify for a minimal role adjustment because he is not "plainly among the least culpable" in this conspiracy. *See* U.S.S.G. § 3B1.2 cmt. n.4. Rather, Petitioner was a significant but-for cause of the importation of a large quantity of drugs into Florida. (Cr. Doc. 26, p. 11, 17); *see also United States v. McDonald*, 497 F. App'x 907, 911 (11th Cir. 2012) (deferring to district court determination that fraud conspirator was "conduit" for the crime and thus did not qualify for role adjustment). Furthermore, because Petitioner confirmed the expansive conspiracy described in the factual basis (Cr. Doc. 12, p. 14), and admitted that he had "agree[d] to try to accomplish a shared and unlawful plan to distribute cocaine" (Cr. Doc. 28, p. 35), he cannot claim that he was unaware "of the scope and structure of the enterprise and of the activities of others," U.S.S.G. § 3B1.2 cmt. n.4.

Petitioner also does not qualify for a minor role adjustment because he is not less culpable than *most* co-conspirators. *See id.* § 3B1.2 cmt. n.5. Co-conspirators who appear equally or less culpable include those who transported the same or smaller amounts of drugs or the equivalent cash, as well as the Jacksonville-based buyer and Florida distributors. (*See* Cr. Doc. 12, p. 17–26.) Therefore, Petitioner does not offer sufficient evidence to rebut the "strong presumption of effectiveness" of counsel. *See Waters*, 46 F.3d at 1512. To the contrary, counsel may have made a strategic decision to accept responsibility in order to argue credibly for the low end of the guideline range. (*See* Cr. Doc. 26, p. 13–15.)

Petitioner also fails to prove that he suffered prejudice as a result of counsel's decision. *See Strickland*, 466 U.S. at 693. The Court took notice that Petitioner

5

transported a large quantity of drugs with high market value. (*See* Cr. Doc. 26, p. 17–18). The Court also knew of Petitioner's role in comparison to that of his co-conspirators. (*See* Cr. Doc. 26, p. 5–11; Cr. Doc. 28, p. 22–35.) The sentencing decision focused on the quantity of drugs and their market value, which are acceptable bases for sentencing a drug courier. *See Rodriguez De Varon*, 175 F.3d at 945. Furthermore, relatively less culpability does not necessarily indicate a minor role. *See McDonald*, 497 F. App'x at 911. Thus, there is no "reasonable probability" that counsel's advocacy would have altered the outcome. *See Strickland*, 466 U.S. at 694.

## CONCLUSION

Petitioner does not qualify under 28 U.S.C. § 2255(b) for a hearing on the ineffective assistance of counsel.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), is **DENIED**.

2. Petitioner's Motion for Extension of Time (Cr. Doc. 30), is **DENIED.**

3. The Clerk is **DIRECTED** to close the case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on July 29, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

*Pro Se* Party